Not for Publication

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,  *Plaintiff*,  v.  TASHEEN DAVIS,  *Defendant*. | Crim. No. 20-890  **OPINION & ORDER** |

**VAZQUEZ, DISTRICT JUDGE**

Pending before the Court is Defendant Tasheen Davis' second motion for early termination of supervised release pursuant to 18 U.S.C. § 3583(e)(1). D.E. 8 ("Br."). The government filed opposition. D.E. 9 ("Opp."). The Court reviewed the parties' submissions and considered the motion without oral argument pursuant to Local Criminal Rule 1.1 and Local Civil Rule 78.1(b). For the following reasons, the Court denies the motion.

**I.   Background**

This matter originated in the United States District Court for the Southern District of New York. On January 16, 2016, Davis pled guilty to conspiring with intent to distribute oxycodone in violation of 21 U.S.C. § 846. On December 12, 2017, Davis was sentenced to thirty months of imprisonment followed by three years of supervised release; she began serving her sentence in March 2018. Davis then started her term of supervised release in August 2020, and her supervision was transferred to this District in October 2020.

As noted, this is Defendant's second motion for early termination. The Court denied her first motion because she had not yet served the statutorily required one-year period. D.E. 7. The

Court also informed Defendant that if she made another motion, the Court would be required to consider the factors in 18 U.S.C. § 3553(a)(1)-(7). *Id.* The Court set forth the factors as well. *Id.*

Defendant's current motion consists of a one-page analysis along with ten pages of exhibits. Br. Davis indicates that she should be granted early termination because she worked in the B.O.P. mentoring females, she completed a re-entry program, she completed a social consciousness and uplifting communities program, and she has set up a nonprofit company to help folks transitioning from incarceration. *Id.* Davis indicates that early termination "will benefit my proficiency to move further and achieve my goals aiding others." *Id.*

In opposition, the Government argues that Davis has not sustained her burden in demonstrating that she is entitled to early release. Opp. at 2. The Government explains that Defendant fails to identify any conditions of release that pose difficulties for her and fails to indicate how she is unable to achieve her stated goals while on release. *Id.* at 4. The Government also notes that the three-year term of supervised release was statutorily mandated. *Id.*

According to the United States Probation Office, Davis has been compliant with her terms of release and has been transferred to the Low Intensity Caseload.

## II.  Legal Standard

18 U.S.C. § 3583(e)(1) provides that, "after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)," the Court may

> terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice;

18 U.S.C. § 3583(e)(1). The § 3553(a) factors the Court must consider are

> (1) the nature and circumstances of the offense and the defendant's

> history and characteristics; (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and sentencing range established for the defendant's crimes; (4) pertinent policy statements issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense.

*United States v. Davies*, 746 F. App'x 86, 88 (3d Cir. 2018) (citing 18 U.S.C. § 3553(a)(1), (2)(B)-(D), (4)-(7)); *accord United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020). After considering those § 3553(a) factors, a district court may, in its discretion, terminate a period of supervised release if it is satisfied that such action "is warranted by the defendant's conduct and is in the interest of justice." *Melvin*, 978 F.3d at 52. The court need not make specific findings of fact with respect to each factor – a statement that the court has considered the factors is sufficient. *Id.* (citing *United States v. Gammarano*, 321 F.3d 311, 315-16 (2d Cir. 2003)).

Recently, in *Melvin*, the Third Circuit clarified that a district court is not required to find extraordinary, compelling, or changed circumstances to justify an early termination of supervised release. *Id.* But, the Third Circuit made clear, that does not mean such circumstances are irrelevant to granting or denying a motion for early termination of supervised release. *Id*. The court in *Melvin* explained "[t]hat is because, if a sentence was 'sufficient, but not greater than necessary' when first pronounced, . . . we would expect that something will have changed in the interim that would justify an early end to a term of supervised release." *Id*. (quoting 18 U.S.C. § 3553(a)). The Third Circuit continued that "[w]e think that '[g]*enerally*, early termination of supervised release under § 3583(e)(1)' will be proper 'only when the sentencing judge is satisfied that new or unforeseen circumstances' warrant it." *Id.* (emphasis in original) (quoting *Davies*, 746 F. App'x

at 89); *see also United States v. Szymanski*, No. 12-0247, 2020 WL 6515958, at *2 (W.D. Pa. Nov. 5, 2020) ("The court explained in *Melvin* that, although not required, some changed circumstances will generally be important to warrant early termination of supervised release [.]").

### III. Discussion

The Court denies Davis' motion. In considering the relevant 3533(a) factors, the Court finds that an early termination of supervised release is not appropriate. The nature and circumstances of the offense militate against the motion. Davis was convicted of a conspiracy to distribute as to oxycodone, a highly addictive drug. While the world has been battling a global pandemic for the last two years, the United States has been battling an epidemic as to opioid-based drugs for a much longer period.

While extraordinary, compelling, or changed circumstances are not necessary to grant relief, they are nevertheless relevant to the Court's analysis. And Defendant fails to point to any such circumstances. Instead, it appears that Davis is committed to turning her life around and helping others, particularly those who have been incarcerated. These actions are commendable, and the Court applauds Davis' reported efforts. However, Davis is now on the low intensity caseload, meaning that she faces minimal supervision. More importantly, Davis has failed to demonstrate how supervised release is preventing her from obtaining her goals. To the contrary, Davis appears to be working towards her goals while on supervision.

### IV. Conclusion

For the foregoing reasons, and for good cause shown,

It is on this 15th day of March 2022 hereby

**ORDERED** that Defendant Tasheen Davis' motion for early termination of her supervised release, D.E. 8, is **DENIED**, and it is further

5

**ORDERED** that the Clerk's Office shall mail a copy of this Order and the accompanying Opinion to Defendant by regular mail and by certified mail return receipt; and it is further

**ORDERED** that the Clerk's Office shall close this matter.

_____
John Michael Vazquez, U.S.D.J.

5